RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/21/13

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEREK D. HARRIS | DOCKET NO: 13-CV-598; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| STEPHEN KUPLESKY, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Derek Harris, filed *in forma pauperis*. Plaintiff is incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. He complains that he is being deprived of adequate medical care in violation of his constitutional rights. He names as defendants Dr. Kuplesky, Dr. Wheat, Warden Tim Keith, Mona Heyse, Nurse Broadway, and Corrections Corporation of America (CCA).

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### *Factual Allegations*

Plaintiff alleges that, on January 21, 2012, he reported a sexual assault at WNC. Plaintiff was scheduled for an appointment with Dr. Wheat, the mental health care provider at WNC. Plaintiff complained of headaches and the inability to sleep. Dr. Wheat prescribed risperidone (Risperdal) and fluoxetine (Prozac).

In or around July 2012, Plaintiff saw a commercial on

television that said to call certain attorneys at an 800-number if you are taking those medications because of possible side effects. He wrote a letter to Dr. Kuplesky concerning the medications prescribed by Dr. Wheat, which had "known health risks." The medication was stopped. [Doc. #1-2, p.1]

Plaintiff claims that, on July 30, 2012, he filed an Administrative Remedy complaining that the psychiatric medications were prescribed without any medical or psychiatric testing, and that his headaches may have been caused by brain damage due to various head trauma. [Doc. #1-2, p.2] He asks that he be given proper medical and psychological tests to rule out brain damage prior to any other medications being ordered.

On August 5, 2013, Plaintiff submitted an amended complaint in accordance with the court's order. In it, he claims that Dr. Kuplesky violated Davis's constitutional rights by failing to respond to Plaintiff's letters. He also complains that Nurse Marr examined Plaintiff instead of Dr. Kuplesky.

Davis states that he saw Dr. Wheat on three occasions, the first visit lasting thirty minutes, and the second and third lasting five minutes each. He states that he left the last two appointments because Dr. Wheat laughed at him. [Doc. #8, p.1] He alleges that Dr. Wheat "prescribed these dangerous [psychiatric] medications without even a physical examination" and that now Dr. Wheat refuses to see Plaintiff.

2

Plaintiff complains that he saw Nurse Broadway twice, but she now "refuses to treat" Plaintiff. [Doc. #8, p.2]

He alleges that Mona Heyse "deliberately manipulates the ARP grievance and Disciplinary Appeal processes." [Doc. #8, p.2] He claims that Warden Keith acts with deliberate indifference by allowing Mona Heyse to manipulate the processes.

In his amended complaint, Plaintiff also pens several pages of concerns regarding a general lack of security at WNC and the failure of the local or state officials to prosecute inmate assailants.

## Law and Analysis

The Prison Litigation Reform Act (the "PLRA") mandates the dismissal of a prisoner's civil rights complaint in whole or in part if, upon the initial screening of the complaint, the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

Plaintiff original complaint sought damages and testing due to his concerns that the medications prescribed to him were unsafe. He was ordered to amend his complaint to present factual allegations of how each named defendant violated his constitutional rights, as well as the dates of each occurrence and the injury suffered as a result of the denial.

In his amended complaint, it seems that Petitioner seeks to adds claims related to the assault on him by another inmate that occurred on or before January 21, 2012, prior to the prescribing of "dangerous" medications.

Plaintiff claims that Dr. Kuplesky has deliberately failed to respond to Plaintiff's correspondence, and that he has "failed to provide any treatment and follow-up care." First, there is no constitutional right to have a physician respond to correspondence from an inmate. The facility has set policies for an inmate to request medical treatment and, despite being ordered to do so, Plaintiff has not provided the court with a single date on which he requested medical care and was denied. He does not refer to any sick call request or medical emergency that was ignored. Without any facts to support his conclusion that Dr. Kupelsky failed to provide any treatment, Plaintiff's claim must be dismissed.

Plaintiff also complains that Dr. Wheat "prescribed these dangerous medications without even a physical examination" and that now Dr. Wheat refuses to see Plaintiff. Once again, despite being ordered to do so, Plaintiff fails to provide the court with any dates/times on which he sought care from Dr. Wheat, but was denied treatment. Plaintiff's personal belief regarding the safety of prescription medications based on a lawyer's television advertisement is not a factual allegation sufficient to support a constitutional claim. Likewise, Plaintiff's complaint that he saw

Nurse Broadway twice, but she now "refuses to treat" him is unsupported by any non-conclusory factual allegations. [Doc. #8, p.2]

Finally, in his amended complaint, Plaintiff makes the conclusory allegation that Mona Heyse "deliberately manipulates the ARP grievance and Disciplinary Appeal processes." [Doc. #8, p.2] He also claims that Warden Keith acts with deliberate indifference by allowing Mona Heyse to manipulate the processes. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than providing the court with labels and conclusions or a formulaic recitation of the elements of a cause of action. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Plaintiff's general disagreement with the grievance process or his grievances in particular are not evidence of wrongdoing by Heyse or Keith.

Even if Plaintiff were allowed to add claims related specifically to the assault, or the alleged failure to protect him from the assault, such claims are prescribed. The assault was allegedly reported on January 21, 2012; thus, it must have occurred on or before that date. Plaintiff's suit was filed on March 25, 2013. Because there is no federal statute of limitations, the forum state's statute of limitations for general personal injuries is used in civil rights claims. See Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period

is one year. Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof. <u>Vigman v. Community National Bank and Trust Co.</u>, 635 F.2d 455, 459 (5th Cir. 1981). Plaintiff had knowledge of his assault on January 21, 2012, and his original complaint in this case was filed on March 25, 2013. Plaintiff's suit was filed past the expiration of the one year limitations period.[1]

Plaintiff's original claims are unsupported by factual allegations and should be dismissed. Any new claims that he seeks to raise through his subsequent amended complaint regarding an alleged assault are now prescribed. Either way, Plaintiff's complaint is frivolous and/or fails to state a claim for which relief can be granted.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint and amended complaint be **DENIED AND DISMISSED** with prejudice as frivolous and failing to state a claim for which relief can be granted, pursuant to 28 U.S.C. §1915(e)(2)(b) and

---

[1]Plaintiff is not entitled to equitable tolling while proceeding through the grievance process because the grievances supplied do not address the alleged assault or any officer's failure to protect him. Instead, Plaintiff's grievances complain of the medications to which he was prescribed, in light of a television advertisement claiming that the medications were unsafe.

1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of October, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE